FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 10  AM 11: 15

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0166** |
| **ROWAN COMPANIES, INC.** | **SECTION "T" (1)** |

Before the Court is Defendant Rowan Companies, INC.'s Motion To Disqualify Plaintiff's Counsel (Doc.11) filed March 28th, 2006. The parties waived oral argument and the matter was taken under submission on April 19th, 2006. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I.      Background

Laurence Best, Peter S. Koeppel, and the law firm of Best Koeppel (Best Koeppel) formerly represented Rowan Companies, Inc. (Rowan) in numerous suits over a 15 year period. The majority of these suits involved defense of Jones Act, unseaworthiness, and/or maintenance and cure complaints filed against Rowan by its employees. In March of 2002, Best Koeppel terminated the attorney client relationship with Rowan and began representing individual

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

plaintiffs, some of whom had claims against Rowan. Shortly thereafter, Rowan filed motions to disqualify Best Koeppel in any matters in which Rowan was named as a defendant. The basis for these motions was the prior relationship shared between Rowan and Best Koeppel. In the spirit of compromise, the parties fashioned a Mutual Agreement (Agreement) in December 2004 which addressed these issues. The Agreement established certain time restraints in which Best Koeppel agreed not to file suit against Rowan in return for Rowan's consent not to seek dismissal of Best Koeppel, based upon their prior relationship, after the time restraints had lapsed. A dispute as to the terms of the Agreement lead to the filing of the pending motion in the instant case. The issue before the Court is best viewed as one of contractual interpretation.

The Agreement was negotiated by both parties, in part, to prevent Best Koeppel from obtaining an unfair advantage in prosecuting suits against Rowan based upon insight gained into their trial strategies and tactics, calculation of maintenance and cure, and access to confidential communications with Rowan's risk management personnel. The parties agree that the Agreement shall be construed and interpreted in accordance with the laws of the State of Texas. The agreement states in relevant part:

> **WHEREAS**, Laurence Best, Peter Koeppel, and the firm of Best Koeppel agree to refrain from bringing adverse claims or suits in any state against Rowan Companies, Inc., or any of its related entities until after January 1, 2006. Laurence Best, Peter Koeppel, and the firm of Best Koeppel further agree to withdraw from their representation in the present suit, Burch v. Rowan Companies, Inc., Cause No. A030089, as well as any other suits currently pending against Rowan Companies, Inc.; and
>
> **WHEREAS**, Rowan Companies, Inc. agrees to forego seeking to disqualify Laurence Best, Peter Koeppel, and the firm of Best Koeppel in any suits filed after January 1, 2006 based solely on their prior representations of Rowan Companies, Inc. However, Rowan Companies, Inc. expressly reserves the right in any case to pursue disqualification based upon specific unethical conduct, including but not limited to actual affirmative use against Rowan Companies, Inc. of privileged information obtained during any prior representation, and

The instant personal injury suit was filed by Best Koeppel on behalf of plaintiff Jonathan

Thomas against defendant Rowan on January 13th, 2006. Rowan then filed the pending motion to disqualify counsel alleging a violation of the Agreement by Best Koeppel. It is undisputed by both parties that Best Koeppel would refrain from bringing adverse claims or suits in any state against Rowan until after January 1st, 2006. However, Rowan argues that the intent and spirit of the agreement was such that Best Koeppel would refrain from bringing any suit against Rowan in any matter that **accrued** prior to January 1st, 2006.

### A. Rowan Companies Inc.'s Arguments in Support of Their Motion to Disqualify Plaintiff's Counsel

According to Rowan, Best Koeppel's interpretation of the Agreement leads to absurd results unintended by either party. Rowan argues that, based upon the 3 year statute of limitations applicable to claims brought under the Federal Employee's Liability Act (FELA), 45 U.S.C. §56, a Jones Act suit could be brought against Rowan by a plaintiff who had retained Best Koeppel prior to the execution of the Agreement provided that suit was not filed until after January 1st, 2006. According to Rowan, this is the exact scenario that the Agreement was designed to prevent. Had Rowan known that its former counsel would have construed the Agreement in such a way that they could bring suits against it that were ripe at the time the Agreement was entered into, they would not have wasted the time and energy required to sign it.

Alternatively, should the Court disagree with Rowan's interpretation, Rowan requests reformation of the Agreement to more accurately reflect the true intent of the Parties. According to Rowan, reformation of a contract is proper where (1) the parties reached an agreement on a material term, but (2) the written contract does not reflect the parties

agreement because of a mutual mistake. *See Geosouthern Energy Corp. v. Chesapeake operating, Inc.*, 274 F.3d 1017, 1021 (5th Cir. 2001).

B.   **Plaintiff's Opposition to Rowan's Motion to Disqualify**

The Agreement is clear and unambiguous and was the result of a negotiated compromise. The parties began negotiations in July 2004 and exchanged several proposals, offers and counter offers before reaching a compromise in December of 2004. The original proposal by Rowan was a 3 year period in which Best Koeppel would refrain from filing suits against Rowan. The final agreement reached by the parties was a period of 18 months. This period has now expired. Each party was represented by competent counsel during the negotiations and there is no reason to look beyond the 4 corners of the Agreement.

II.   **Analysis**

The terms of the Mutual Agreement were carefully negotiated over a period of several months. Both parties were represented by counsel. The Mutual Agreement is clear and unambiguous and its terms are enforceable.

Further, the Mutual Agreement should not be reformed. There was no mutual mistake made by the parties.

Accordingly,

**IT IS ORDERED** that the Defendant Rowan Companies, INC.'s Motion To Disqualify Plaintiff's Counsel be and is hereby **DENIED**.

New Orleans, Louisiana this 8th day of May, 2006.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE